Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| This Order Relates to: | Master Case No 3:07-cv-05944SC |
| *Sharp Elecs Corp v Hitachi, Ltd*, No 13-cv-01173; *Electrograph Systems, Inc et al v Technicolor SA et al*, No 13-cv-05724; *Siegel v Technicolor SA et al*, No 13-cv-05261; *Best Buy Co, Inc v Technicolor SA et al*, No 13-cv-05264; *Interbond Corp of America v Technicolor SA et al*, No 13-cv-05727; *Office Depot, Inc v Technicolor SA et al*, No 13-cv-05726; *Costco Wholesale Corp v Technicolor SA et al*, No 13-cv-05723; | **ORDER ON REMAND RE CERTAIN DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL A THOMSON RULE 30(b)(6) DEPOSITION** |

*PC Richard & Son Long Island Corp et al v Technicolor SA et al*, No 13-cv-05725;

*Schultze Agency Svcs, LLC, o/b/o Tweeter Opco, LLC et al v Technicolor SA, Ltd et al*, No 13-cv-05668;

*Sears, Roebuck and Co and Kmart Corp v Technicolor SA*, No 3:13-cv-05262;

*Target Corp v Technicolor SA et al*, No 13-cv-05686;

*Tech Data Corp et al v Hitachi, Ltd et al*, No 13-cv-00157;

*Viewsonic Corp v Chunghwa Picture Tubes, Ltd*, No 14-cv-02510.

On July 31, 2015, the Thomson Defendants ("Thomson") timely objected to the undersigned's recommended order dealing with a motion by the Direct Action Plaintiffs ("DAPs") to compel a Thomson Rule 30(b)(6) deposition on underlying facts learned by the Thomson Defendants through internal investigations conducted by their outside counsel.  ECF No 3943 (Thomson Objections to July 22, 2015 Recommended Order, ECF No 3930).  While briefing was underway regarding Thomson's objections, the United States Court of Appeals for the District of Columbia, on August 11, 2015, handed down *In re Kellogg Brown & Root, Inc*, 796 F3D 137, 2015 WL 4727411 (D C Cir 2015).  In that case, the appellate court issued a writ of mandamus vacating a district judge's order to turn over in discovery documents from

1  petitioner's internal investigation.  On August 21, 2015, the court granted Thomson's
2  emergency motion to stay and remanded the matter to the undersigned to take another look at
3  the DAPs' motion in light of this new case and further arguments of the parties.  ECF No 4013.
4  This order responds to the court's directive.

I.

The DAPs move to compel Thomson to produce a Rule 30(b)(6) witness to testify regarding Thomson's internal investigations conducted by outside counsel in response to an inquiry from a government agency.

The DAPs discovered during the deposition of Thomson's Rule 30(b)(6) witness Meggan Ehret, General Counsel of Litigation and Compliance, that Thomson's former and current outside counsel had conducted interviews of then current and former Thomson employees, that interview memoranda drafted by the outside counsel exist and that Ms Ehret attended at least one of the more recent interviews conducted by Thomson's current counsel, Faegre Baker Daniels.  Thomson's counsel instructed Ms Ehret not to disclose the identities of the interviewees or any facts she learned exclusively from the interviews.  Ms Ehret had not read any of the interview memoranda before her deposition.  But she had spent days preparing for her deposition and her preparedness on other topics is not challenged.

The DAPs then moved to compel Thomson to produce a Rule 30(b)(6) corporate representative to testify about Thomson's knowledge of the underlying facts contained in the interview memoranda.  The DAPs do not seek production of the actual memoranda, conceding that they are attorney-client privileged communications.  Rather, the DAPs seek to depose a Thomson corporate representative who has reviewed the interview memoranda and is prepared to testify as to the underlying facts in the memoranda, the names of the interviewees, the dates of the interviews and the attendees of each meeting.

On July 22, 2015, the undersigned issued a recommended order that Thomson disclose the names of the interviewees, the dates of the interviews and the attendees no later than August 31, 2015 and that Thomson submit the interview memoranda for *in camera* review before a ruling on whether Thomson should produce a Rule 30(b)(6) witness on the underlying facts contained in the memoranda. ECF No 3930 at 9.

On July 31, 2015, Thomson submitted its interview memoranda for *in camera* review by the undersigned and then, on August 13, 2015, Thomson filed an emergency motion to stay the Rule 30(b)(6). The undersigned has reviewed the parties' submissions and conducted an *in camera* review. The matter is fully briefed and ready for decision.

## II.

At issue are whether the attorney-client privilege or the attorney work product doctrine precludes a Rule 30(b)(6) deposition regarding: (1) the underlying facts contained in the Thomson internal investigation interview memoranda, (2) the names of the interviewees, the dates of the interviews and the attendees of each meeting.

### A. Underlying Facts in the Thomson Interview Memoranda

The DAPs contend that neither the attorney-client privilege nor the attorney work product doctrine protects underlying facts contained in the interview memoranda from discovery and that a corporate designee must be prepared to testify about factual information transmitted to or from counsel. *See* DAPs' Motion to Compel at 4-6 (ECF No 3943-2), DAPs' Reply at 4-6 (ECF No 3943-4).

Thomson counters that compelling a Rule 30(b)(6) corporate designee to educate herself by reading attorney-client privileged interview memoranda and testifying about their contents would be tantamount to compelling production of attorney-client privileged and work product protected memoranda. Thomson's Opposition at 1-2 (ECF No 3943-3). Citing

1  Supreme Court and Ninth Circuit authorities,[1] Thomson contends that the underlying facts
2  could be discovered through other, non-privileged sources, such as deposing witnesses directly.
3  Thomson's Opposition at 1-2, 5-6.  The facts contained in the interview memoranda and Ms
4  Ehret's recollection of the interviews she attended are so intertwined with the attorneys'
5  mental impressions, according to Thomson, that they are undiscoverable opinion work product.
6  Thomson's Opposition at 12.  Thomson further contends that even if the information were
7  deemed fact work product, the DAPs cannot establish a "substantial need" because the
8  information was available to them via individual fact witnesses.  *Id.*

9  Although memoranda and statements drafted by a party's counsel in
10 interviewing third party witnesses in preparation for litigation are not protected from discovery
11 by the attorney-client privilege, *Hickman v Taylor*, 329 US 495, 508 (1947), discovery of such
12 attorney interview memoranda and facts learned could constitute "unwarranted inquiries into
13 the files and mental impressions of an attorney." 329 US at 510.  The Supreme Court noted the
14 essential nature of an attorney's ability to "work with a certain degree of privacy, free from
15 unnecessary intrusion by opposing parties and their counsel" and to "assemble information, sift
16 what he considers to be the relevant from the irrelevant facts, prepare his legal theories and
17 plan his strategy without undue and needless interference." 329 US at 510-511.  The Court
18 acknowledged the essential and well recognized policy against invading the privacy of an
19 attorney's course of preparation, while noting that "[w]here relevant and non-privileged facts
20 remain hidden in an attorney's file and where production of those facts is essential to the
21 preparation of one's case, discovery may properly be had." 329 US at 511.  A showing of
22 necessity to obtain discovery of attorney interviews is required to justify invasion of the
23 attorney work product. 329 US at 512.  But the *Hickman* Court expressed doubt that any

---

[1] *Upjohn v United States*, 449 US 383 (1981); *Admiral Ins Co v US Dist Court for Dist of Arizona*, 881 F2d 1486, 1493 (9th Cir 1989).

ORDER ON REMAND RE CERTAIN DAPS' MOTION TO COMPEL
A THOMSON RULE 30(B)(6) DEPOSITION                                          PAGE **5** OF **12**

showing of necessity could "forc[e] an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary" because doing so would "give[ ] rise to grave dangers of inaccuracy and untrustworthiness." 329 US at 512-513. Moreover, the party seeking discovery in *Hickman v Taylor* admitted that he sought the statements only to examine witnesses and make sure that he has overlooked nothing," 329 US at 513, an improper justification for an exception to the attorney work product protections.

The DAPs' position appears to find support in *In re Vitamins Antitrust Litigation*, 217 FRD 229 (D DC 2002). In reviewing a special master's report and recommendation, Judge Hogan ordered defendants to produce Rule 30(b)(6) witnesses thoroughly educated about the conspiracy with respect to facts known to defendants or their counsel, "regardless of whether such facts are memorialized in work product protected documents or reside in the mind of counsel." 217 FRD at 234-235. The special master had found that the corporate designees were inadequately prepared as to facts known only to their companies' counsel as well as to "conspiracy facts not exclusively in the possession of counsel." 217 FRD at 233. As a result, the company had failed to provide an educated Rule 30(b)(6) witness and was compelled to do so. The *Vitamins* court noted that because the defendants raised the attorney-client privilege for the first time in its objection, the court would not pass on the propriety of the attorney-client privilege assertion. 217 FRD at 234. The court noted that the special master's report did not address whether the educated Rule 30(b)(6) witnesses would be required to be educated with any attorney-client privileged information and "d[id] not read the Report as such." *Id*. The *Vitamins* decision does not specify whether an attorney's internal investigations and interview notes constitute fact or opinion work product.

In *In re Linerboard Antitrust Litigation*, 237 FRD 373 (ED Penn 2006), Judge DuBois denied a motion to compel testimony from a Rule 30(b)(6) witness regarding documents the party created as part of its internal investigation in response to an FTC inquiry. The issue was whether the party's Rule 30(b)(6) witness should be required to speak with the party's in-

house counsel to educate himself with all facts the in-house counsel could recall from his internal investigations on behalf of the company.  The *Linerboard* court found that the in-house counsel's recollection of any facts learned during his internal investigation was "so intertwined with mental impressions that it amounts to opinion work product and is, therefore, not subject to discovery."  237 FRD at 379.  Specifically, the court found that the party's Rule 30(b)(6) witness was not "woefully unprepared," there were "extensive non-privileged sources of the same information" since the party had produced thousands of documents on the topic and numerous employees had testified, the information was not as crucial since it was sought to "fill in gaps" in other witnesses' testimony, an attorney's interview notes and recollections are "core" or "opinion" work product because they involve the attorney's mental impressions and there was no showing of an "extraordinary justification" for disregarding the near absolute protection afforded to opinion work product.  237 FRD at 383-384, 386.  The *Linerboard* court factually distinguished the *Vitamins II* and *III* rulings.  237 FRD at 383.   And like *Vitamins II*, the *Linerboard* court based its decision on the work product doctrine, not the attorney-client privilege.  237 FRD at 381.

    *In re Kellogg Brown & Root, Inc*, 796 F3d 137 (DC Cir 2015), the case that evidently precipitated the present remand, involved a writ of mandamus to prevent a court ordered disclosure of reports prepared by a party's non-lawyer investigator for the party's legal department.  The court criticized the district court's failure to give "due weight to the [attorney-client] privilege and [work product] protection attached to the internal investigation materials."  796 F3d at 145.  The court of appeals conducted a cursory review of the portions of the internal investigative reports that the district court had compelled disclosure and noted that the disclosure was clearly erroneous because the reports contained mental impressions of investigators working at the direction of in-house counsel.  796 F3d at 149-150.  The court concluded that the district court's error was "clear and indisputable" because the compelled disclosure would "erode the confidentiality of an internal investigation," contrary to the

A THOMSON RULE 30(B)(6) DEPOSITION                PAGE **7** OF **12**

Supreme Court's guidance in *Upjohn*, which protects attorney interview memoranda notwithstanding a showing of substantial need and inability to obtain without undue hardship. 796 F3d at 150-151.

From these authorities, the undersigned derives the following conclusions: (1) the DAPs' motion should be analyzed under the work-product doctrine, not the attorney-client privilege; (2) the work product doctrine forecloses disclosure of the non-privileged facts in Thomson's internal investigation memoranda if the attorneys' mental impressions and strategy cannot reasonably be separated from the underlying non-privileged facts; (3) a Rule 30(b)(6) witness educated on the internal investigation materials may be deposed without invasion of the attorney work-product unless the work-product so permeates the materials making invasion inevitable; and (4) the DAPs should be denied access to the non-privileged facts in the internal investigation memoranda if the DAPs have had access to these facts from other sources. The undersigned concludes that the *Vitamins* decision is factually distinguishable from the present case because the *Vitamins* Rule 30(b)(6) witness was inadequately prepared and the *Vitamins* case did not focus on requiring the witness to review internal investigation memoranda, much less memoranda containing underlying facts that are intertwined with opinion work product. By contrast here, Thomson's Rule 30(b)(6) witness was adequately prepared. *See infra*. The *Upjohn v United States,* 449 US 383 (1981), *Hickman, Linerboard* and *Kellogg Brown & Root* decisions are analogous and require denial of the DAPs' motion to compel. In particular, a Rule 30(b)(6) deposition requiring the corporate designee to prepare by reading all of Thomson's outside counsels' interview memoranda and testifying to the underlying facts would violate the protection afforded to "core" or "opinion" work product.

The undersigned has conducted a cursory *in camera* review of the interview memoranda submitted by Thomson. This review is sufficient, in the undersigned's view, to obtain a fair picture of the nature and character of the interview memoranda. Based on this review, the undersigned finds that: (1) the interview memoranda so intertwine facts and

ORDER ON REMAND RE CERTAIN DAPS' MOTION TO COMPEL
A THOMSON RULE 30(B)(6) DEPOSITION                                                                                       PAGE **8** OF **12**

attorney mental impressions that the facts cannot be readily separated from the attorney impressions; (2) the facts reported in the interview memoranda are subject to "grave dangers of inaccuracy and untrustworthiness" due to faulty memory or transcription, noted in *Hickman v Taylor* (329 US at 512-513) and (3) requiring a Rule 30(b)(6) corporate designee to study the interview memoranda and attempt to extract underlying "facts" known to the corporation would be an exceedingly time-consuming and problematic undertaking.  In light of the extensive and intertwined attorney thoughts and mental impressions contained in the interview memoranda, the undersigned concludes that the memoranda constitute primarily "core" or "opinion" work product.  To the extent there are "facts" reported, it appears that these "facts" reflect the filter of the attorney transcriber of these interview memoranda.

       As in *Linerboard*, the present facts are distinguishable from those in *Vitamins*. The undersigned finds that:  (1) Thomson's Rule 30(b)(6) witness was adequately prepared, having spent over 100 hours preparing for the deposition,[2] which the DAPs do not contest; (2) the DAPs have deposed ten Thomson current or former employees from whom facts pertinent to Thomson's conduct were obtained or could have been obtained; (3) the DAPs have thus had the opportunity to obtain the information that appears in the internal investigation materials from other non-privileged sources, including knowledgeable individuals whose depositions have been taken or could have been taken as well as Thomson's document productions; and (4) the DAPs have not provided reasons why any additional information that appears in the internal investigation materials is crucial to their case.

       Since opinion work product is essentially inviolate and protected from discovery, the undersigned further finds that the DAPs have failed to bear the burden of justifying invasion of the protection afforded attorney opinion work product.  The DAPs' asserted justification for

---

[2] Thomson's Opposition at 4.

1  the Rule 30(b)(6) deposition is that: Thomson "has factual information that will not likely be
2  available to the DAPs before trial through any other mechanism." DAPs' Reply at 8.  The DAPs'
3  main argument for necessity of the Rule 30(b)(6) deposition was that depositions of former
4  Thomson employees in France would occur after the then-scheduled trial date.  This is no
5  longer applicable because the trial date has been extended and the DAPs have been able to
6  depose several former Thomson employees in France.  On this record, the DAPs have failed to
7  make the requisite showing to justify invasion of the attorney work product protections
8  afforded to information contained in attorney interview memoranda.

In any event, as in *Hickman v Taylor*, it appears that no showing of necessity can justify production, where any facts contained in the memoranda are so intertwined with core work product and are subject to the dangers of inaccuracy or untrustworthiness.

Citing a number of cases, the DAPs argue that a company cannot shield from discovery facts learned by its attorney's investigation because the attorney-client privilege does not protect underlying facts. *See* DAPs' Motion at 4-6 (citing *Great Am Ins Co of NY v Vegas Constr Co*, 251 FRD 534, 541 (D Nev 2008); *Sprint Comm'ns v Theglobe.com, Inc*, 236 FRD 524, 529 (D Kan 2006)).  While the DAPs' statement of black letter law is accurate, the DAPs' cases are distinguishable because none of them involve compelling a Rule 30(b)(6) witness to review privileged or work product protected memoranda from an internal investigation and testifying as to the contents of such memoranda.  Nor do they involve internal investigation materials in which attorney mental impressions are inextricably intertwined with alleged facts.  *Great America* is further distinguishable because the Rule 30(b)(6) witness was completely unprepared.

### B.  Discovery of Witness Names, Dates and Attendees of Interviews

Previously, the undersigned ordered disclosure of witness names, dates and attendees of interviews on the ground that such information was "fact" work product that could be disclosed upon an adequate showing of need and substantial hardship.  At the time,

ORDER ON REMAND RE CERTAIN DAPS' MOTION TO COMPEL
A THOMSON RULE 30(B)(6) DEPOSITION                                                PAGE **10** OF **12**

the submissions indicated that only five current or former Thomson employees had been deposed.  See Roberts Dec in support of Thomson's Opposition, ¶11.

In their recent submissions, Thomson has provided updated and uncontroverted facts that are relevant to whether there is an adequate showing of need and substantial hardship:

(1) Since the parties' earlier submissions, the DAPs have now deposed ten current and former Thomson employees (Judge Dec at ¶4, ECF No 3943-1);

(2) The number of interviewees who were the subject of Thomson's internal investigation is 16 (Id at ¶2);

(3) The DAPs have deposed a "supermajority of the individuals interviewed" by Thomson's outside counsel (Id at ¶5);

(4)  With respect to those individuals interviewed who have not been deposed by the DAPs, the name of each individual appears in at least one interrogatory response, the name of each individual appears in at least 1,800 documents and in one case more than 10,000 documents, and the name of each individual except one has been mentioned by an attorney or witness in at least two depositions (Id at ¶5);

(5) The DAPS deposed four former Thomson employees in France in March, after the DAPs filed their motion (Id at ¶6).

Based on this new information, the undersigned concludes that the DAPs have failed to show sufficient need or substantial hardship that would justify invading the work product protected identities of Thomson's internal investigation interviewees.

Thomson is correct that the identity of the individuals its outside counsel selected to interview is itself protected work product.  See In re MTI Tech Corp Sec Litig II, 2002 WL 32344347 (CD Cal June 13, 2002) and Mitchell Eng'g v City and County of San Francisco, 2010 WL 1853493 (ND Cal May 6, 2010).  But some courts have found that the identities of

1 interviewed witnesses are fact work product that may be discoverable if there is a sufficient
2 need for the information.  *See e g, In re Harmonic, Inc Sec Litig,* 245 FRD 424, 427 (ND Cal 2007)
3 (citing cases and finding that identities of confidential witnesses were either not protected
4 work product or fact work product discoverable due to need).

5 Based on the newly submitted information, the undersigned finds that:  (1) the
6 disclosure of interviewee identities would reveal fact attorney work product; (2) the record
7 does not support a showing of necessity and substantial hardship justifying disclosure; and (3)
8 the information sought is not critical to the preparation of the DAPs' case and little would be
9 gained by disclosure of the names of the 16 interviewees in light of the depositions and other
10 discovery conducted to date.

## CONCLUSION

The DAPs' motion to compel a Thomson Rule 30(b)(6) deposition is **DENIED.**

IT IS SO ORDERED.

Date: October 5, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge

ORDER ON REMAND RE CERTAIN DAPS' MOTION TO COMPEL
A THOMSON RULE 30(B)(6) DEPOSITION                                                                                  PAGE **12** OF **12**