# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

TECH DATA CORPORATION; TECH DATA
PRODUCT MANAGEMENT, INC.,

            Plaintiffs,                    Case No. 8:17-cv-00944-EAK-AEP

v.

HITACHI, LTD., et. al.,

            Defendants.

_____/

## PLAINTIFF TECH DATA'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL STANDARD.................................................................................................................. 4

ARGUMENT ............................................................................................................................... 5
I.    Defendants Cannot Meet Their Burden to Overcome Plaintiff's Choice of Forum ........... 5
      A.    Tech Data Is Entitled to Full Deference of its Choice of Forum ........................... 5
      B.    The Middle District of Florida Is the Most Convenient Trial Forum for the
            Witnesses and Parties in this Case ........................................................................ 8
      C.    Efficiency of a Consolidated Trial Cannot Overcome Plaintiff's Choice of Forum
            ............................................................................................................................... 11
      D.    The Relative Means of the Parties Does Not Weigh in Favor of Transfer ........... 14
      E.    The Eastern District of New York Offers No Advantages to the Compulsory
            Attendance of Unwilling Witnesses or the Ease of Access to Sources of Proof .. 15
      F.    The Location of the Documents Does Not Weigh in Favor of Transfer .............. 15
      G.    This District is as Familiar with the Governing Law as the Eastern District of New
            York ..................................................................................................................... 15
      H.    The Relative Case Loads of the Middle District of Florida and the Eastern District
            of New York Does Not Weigh in Favor of Transfer ........................................... 15

CONCLUSION.......................................................................................................................... 16

REQUEST FOR ORAL ARGUMENT ..................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

C ASES

*Allstate Ins. Co. v. Hague*,
449 U.S. 302 (1981)............................................................................................3, 7

*Altamont Pharmacy, Inc. v. Abbott Labs.*,
No. 94 C 6282, 2002 WL 69495 (N.D. Ill. Jan. 18, 2002) ......................................12

*Andersons, Inc. v. Enviro Granulation, LLC*,
No. 8:13-CV-3004-T-33MAP, 2015 WL 2025590 (M.D. Fla. Apr. 30, 2015)........................8

*Astra Aktiebolag v. Andrx Phamr., Inc.*,
No. 0:98-cv-06521, 2001 WL 37115369 (S.D. Fla. Oct. 1, 2001) ....................................10, 12

*Continental Grain Co. v. Barge FBL-585*,
364 U.S. 19 (1960)............................................................................................12, 13

*Costco Wholesale Corp. v. AU Optronics Corp., et. al.*,
No. 2:13-cv-01207-RAJ (W.D. Wash.) ................................................................9

*Delorenzo v. HP Enter. Servs., LLC*,
79 F. Supp. 3d 1277 (M.D. Fla. 2015)....................................................................16

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
No. 07-1827-SI (N.D. Cal. Feb. 19, 2010), ECF No. 1559 ......................................7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
No. C 09-5840 SI, 2010 WL 2610641 (N.D. Cal. June 28, 2010)........................................3, 7

*Kampwerth v. Sw. Airlines Co.*,
No. 8:10-CV-2929-T-17EAJ, 2011 WL 5597322 (M.D. Fla. Nov. 17, 2011).....................2, 8

*Kenwin Shops, Inc. v. Bank of Louisiana*,
No. 97 CIV 907 (LMM), 1999 WL 294800 (S.D.N.Y. May 11, 1999) .................................12

*Kim v. Firestone*,
No. 1:02-cv-79, 2005 WL 8147777 (E.D. Tex. Dec. 20, 2005) ............................................12

*Lexington Ins. Co. v. Performance Plastering of Pensacola, Inc.*,
No. 613CV904ORL22TBS, 2013 WL 12155502 (M.D. Fla. Oct. 9, 2013)............................14

*Manuel v. Convergys Corp.*,
430 F.3d 1132 (11th Cir. 2005) ............................................................................5

*Metro Life Ins. Co. v. Bank One, N.A.*,
No. CIV.A. 03-1882 SDW, 2012 WL 4464026 (D.N.J. Sept 25, 2012) .................................12

# TABLE OF AUTHORITIES

**Page(s)**

*Robinson v. Giarmarco & Bill, P.C.*,
    74 F.3d 253 (11th Cir. 1996) ...................................................5

*Ruble v. Garrison Prop. & Cas. Ins. Co.*,
    No. 8:14-CV-2636-T-26EAJ, 2015 WL 12834683 (M.D. Fla. Jan. 22, 2015)........................9

*Sapa Precision Tubing Rockledge, LLC v. Tex-Mmex Recycling, LLC*,
    No. 6:16-CV-22-ORL-31KRS, 2016 WL 3917491 (M.D. Fla. July 20, 2016).......................5

*SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*,
    382 F.3d 1097 (11th Cir. 2004) ...................................................5

*Tampa Bay Storm, Inc. v. Arena Football League, Inc.*,
    982 F.Supp. 281 (M.D. Fla. 1996)...................................................4, 5

*Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*,
    761 F. Supp. 2d 1322 (M.D. Fla. 2010)...................................................4

## STATUTES

28 U.S.C. § 1404...................................................passim

28 U.S.C. § 1407...................................................2, 12

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

TAMPA DIVISION

TECH DATA CORPORATION; TECH DATA
PRODUCT MANAGEMENT, INC.,

             Plaintiffs,                      Case No. 8:17-cv-00944-EAK-AEP

v.

HITACHI, LTD., et. al.,

             Defendants.

_____/

**PLAINTIFF TECH DATA'S OPPOSITION TO DEFENDANTS' MOTION TO
TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

**<u>PRELIMINARY STATEMENT</u>**

On December 11, 2012, Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "Tech Data") filed this action against the participants of the cathode ray tube ("CRT") price-fixing conspiracy.  Tech Data chose this forum because the Middle District of Florida is where its headquarters are located, where its purchasing decisions are made, and where it suffered tens of millions of dollars of damages as a result of the conspiracy.

Defendants' Motion to Transfer under 28 U.S.C. § 1404(a) asks this Court to transfer this action to the Eastern District of New York—a  forum that has no connection to Tech Data, the operative facts of this case, or any of the witnesses to be called at trial.  Defendants argue that this case should be transferred because it would be more efficient to have one trial than multiple trials.  From a pure efficiency perspective, Defendants are correct.  However, the idea that efficiency alone should determine whether Tech Data should be transferred away from its home forum is unfounded.

As with all opt-outs from a class action that are consolidated for pre-trial purposes in an MDL, Tech Data's claims arise out of the same set of core facts that form the basis of the other opt-outs' claims—Defendants' participation in a world-wide conspiracy to fix the prices of CRTs.  But while the mass transfer of cases filed in multiple districts to a single court for **pre**-trial purposes is codified under 28 U.S.C. § 1407, no such codification exists once the individual cases are remanded to their home courts.  In fact, § 1407 specifically requires that "each action so transferred **shall be remanded** by the panel at or before the conclusion of such pretrial proceedings **to the district from which it was transferred** unless it shall have been previously terminated." 28 U.S.C. § 1407(a) (emphasis added).

The requirement that individual cases must be remanded to their home courts is not simply a procedural formality that can be easily overcome by the filing of a § 1404(a) motion.  As this Court has recognized, a plaintiff's choice of forum will not be disturbed "[u]nless other factors strongly outweigh Plaintiff's choice of forum."  *Kampwerth v. Sw. Airlines Co.*, No. 8:10-CV-2929-T-17EAJ, 2011 WL 5597322, at *4 (M.D. Fla. Nov. 17, 2011).

The cases relied on by Defendants for the proposition that a court may order transfer pursuant to 1404(a) after remand by an MDL court are inapposite here for this very reason—none of those cases involve a court transferring a plaintiff away from **its home forum against its will** to a forum in which the plaintiff has not appeared before as part of the same litigation.  And, unlike the cases cited by Defendants, the Eastern District of New York has no "institutional knowledge" advantage over this Court.  Both this case and the cases pending before Judge Cogan in the Eastern District of New York are in exactly the same posture—having just been remanded from the MDL and trial ready.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

It no doubt is also for this reason that Defendants attempt to minimize the significance of Tech Data's choice of forum by contending that "Tech Data's lawsuit provides neither a factual nor legal connection to Florida sufficient to justify keeping its case before this Court." Motion at 3.  However, as Defendants know full well—since their counsel successfully litigated exactly the same issue in the LCD antitrust litigation—"[i]n a price-fixing case, the relevant occurrence or transaction is the plaintiff's purchase of an allegedly price-fixed good." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-5840 SI, 2010 WL 2610641, at *8-9 (N.D. Cal. June 28, 2010) (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981).  And, in this price-fixing case, the undisputed evidence shows that all of Tech Data's purchases of the computer monitors containing the price-fixed CRTs were ordered and paid for from its headquarters in Clearwater, Florida.  The Eastern District of New York on the other hand has no connection whatsoever to any of the transactions at issue in this case.

It also is for this reason that Defendants go to such lengths to portray Tech Data as just a tag-a-long to the "other Boies Schiller Plaintiffs" whose cases are pending in the Eastern District of New York.  Defendants know better. They know that although Boies Schiller is co-counsel for Tech Data, Tech Data's lead counsel is and has always been the Firm of Bilzin Sumberg in Miami.  Defendants also are fully aware that of the eight remaining opt-out plaintiffs, Tech Data has the largest individual claim.

Defendants' assertion that the convenience of the witnesses would be best served by transferring this case to the Eastern District of New York is also baseless.  Defendants have not identified a single witness who would be inconvenienced by having to try this action in the Middle District of Florida, and, if this case holds to form with other recent antitrust cases, all of Defendants' witnesses will appear (if at all) only by video deposition.  By contrast, Tech Data

plans to call three Tech Data employees as witnesses, each of whom will testify regarding Tech Data's purchases of the affected CRT products. These witnesses all reside in the Tampa/Clearwater area, and transfer to the Eastern District of New York would most definitely inconvenience them.

Defendants' motivation in bringing this 1404(a) motion is clear—they do not want Tech Data to try its claims in Tampa, Florida where Tech Data is located, suffered its injuries, and sensibly chose to institute this action. Instead, Defendants seek to transfer this case to what they believe to be a more favorable forum, all while cloaking their motivations under the guise of efficiency. This Court should reject Defendants' efforts at forum shopping.

For these reasons, as explicated in the following discussion, Defendants' Motion to Transfer under 28 U.S.C. § 1404(a) should be denied in all respects.

## <u>LEGAL STANDARD</u>

28 U.S.C. § 1404(a) is "the statutory codification of the common law doctrine of forum non conveniens. The section states: '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 982 F.Supp. 281, 282 (M.D. Fla. 1996). (Kovachevich, J.)

When deciding whether transfer is appropriate, courts in this District consider "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the

4

totality of the circumstances. *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005)).

Of these factors, the threshold consideration is the plaintiff's choice of forum. "In order to overcome the presumption in favor of Plaintiff's choice of forum, the movant must show the balance of convenience is 'strongly in favor' of the transfer." *Tampa Bay Storm*, 932 F.Supp. at 282; s*ee Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."); *Sapa Precision Tubing Rockledge, LLC v. Tex-Mmex Recycling, LLC*, No. 6:16-CV-22-ORL-31KRS, 2016 WL 3917491, at *7 (M.D. Fla. July 20, 2016) ("When deciding a motion to transfer under Section 1404, the Court employs a 'strong presumption against disturbing plaintiff's initial forum choice.'") (citing *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004)).

## ARGUMENT

I.   **DEFENDANTS CANNOT MEET THEIR BURDEN TO OVERCOME PLAINTIFF'S CHOICE OF FORUM**

An analysis of the factors identified by the courts of this District weighs against the transfer of this action to the Eastern District of New York.  In fact, when viewed in the context of the strong presumption in favor of a plaintiff's choice of forum, Tech Data's selection of the Middle District of Florida as the trial situs of this action cannot legitimately be questioned.

A.   **Tech Data Is Entitled to Full Deference of its Choice of Forum**

Defendants argue that Tech Data is not entitled to the deference normally accorded to a plaintiff's choice of forum because (i) in a global antitrust case the key operative facts involve

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

the location of the conspiratorial meetings and communications, and (ii) none of the conspiratorial meetings in this action occurred in the Middle District of Florida.

There is a problem with Defendants' contention.  While it may be true that Defendants' conspiratorial meetings took place outside of Florida—for that matter, the conspiratorial meetings and communications also occurred outside of the Eastern District of New York—the location of the meetings has little if any bearing on whether Florida is the locus of operative facts in this price-fixing case.

This question was addressed at length in the multi-district LCD antitrust litigation that was presided over by the Honorable Susan Illston of the Northern District of California.  Except there, the locus of operative facts was even more critical because it was dispositive of the MDL plaintiffs' Constitutional standing to assert claims under state antitrust laws.  Defendants are well aware of this issue because Defendants Toshiba Corporation and Toshiba America Information Systems, Inc. were defendants in the LCD litigation, their lead counsel in LCD also is lead counsel in this case, and, most importantly, Toshiba prevailed in LCD on the exact opposite argument they present here.

Judge Illston's consideration of the claims of Motorola, Inc.—which was one of the opt-outs from the class of direct purchasers—is but one example.  Motorola sought to assert claims under various state antitrust laws—including the California Cartwright Act—in addition to the Sherman Act.  The defendants moved to dismiss Motorola's state law claims contending that there was an insufficient "aggregation of contacts" between Motorola's antitrust claims and the respective states to satisfy Constitutional Due Process.  Defs.' Mot. to Dismiss Am. Compl. at 18, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827-SI (N.D. Cal. Feb. 19, 2010), ECF No. 1559.  The defendants argued that "to establish the requisite contacts with a plaintiff's claim,

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

the key inquiry is whether the occurrence or transaction giving rise to plaintiff's claim has contacts with a relevant state." *Id.* at 19. The defendants asserted further that "[i]n a price-fixing case, the relevant occurrence or transaction is the plaintiff's purchase of the relevant product at an allegedly inflated price." *Id.* (internal quotations omitted).

Judge Illston agreed with the defendants and dismissed Motorola's state law claims. The court ruled that "[i]n a price-fixing case, the relevant occurrence or transaction is the plaintiff's purchase of an allegedly price-fixed good," and that "in order to invoke the various state laws at issue, Motorola must be able to allege that 'the occurrence or transaction giving rise to the litigation' – which is Motorola's purchase of allegedly price-fixed goods – occurred in the various states." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-5840 SI, 2010 WL 2610641, at *8-9 (N.D. Cal. June 28, 2010) (quoting from *Allstate Ins. Co. v. Hague*, 449 U.S. 302 (1981)). Significantly, Judge Illston reached this conclusion notwithstanding that (i) "defendants did business in California, and certain defendants maintained offices and/or sales agents in California," and (ii) several of the defendants executed plea agreements which stated that "'acts in furtherance of this conspiracy were carried out in the Northern District of California.'" *Id.*, at *8.

Here, Tech Data's headquarters are in Clearwater, Florida, its purchasing decisions were made from its headquarters in Clearwater, Florida, and its purchases of the computer monitors containing the CRTs at issue in this case were negotiated, ordered and effectuated from its headquarters in Clearwater, Florida. Decl. of Bob Bacchus Jr. at ¶¶ 4-5, attached as Exhibit A. In short, not only does the Middle District of Florida have a factual connection with the claims asserted in Tech Data's Complaint, it is the central locus of Tech Data's claims.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

By contrast, Defendants do not even suggest that there is any connection between Tech Data's claims in this case and the Eastern District of New York, let alone that the "aggregation of contacts" favors transfer to that forum.  For these reasons, Tech Data's selection of the Middle District of Florida is entitled to the strongest deference.  *Kampwerth*, 2011 WL 5597322, at *4 ("The Court accords considerable weight to Plaintiff's choice of forum. Unless other factors strongly outweigh Plaintiff's choice of forum, the Court will not disturb Plaintiff's choice of forum.").

### B.      The Middle District of Florida Is the Most Convenient Trial Forum for the Witnesses and Parties in this Case

Defendants correctly state that the convenience of the witnesses is an important factor to be considered in a motion to transfer.  *See Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-CV-3004-T-33MAP, 2015 WL 2025590, at *7 (M.D. Fla. Apr. 30, 2015) ("[A]side from the plaintiff's own choice of forum, the most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses.") (internal citations and quotations omitted). However, Defendants are wrong that this factor favors a § 1404(a) transfer.

In support of their position, Defendants rely on the conclusory assertion that the Eastern District of New York would be "a more convenient location for potential witnesses to travel for trial." Motion at 2.  But nowhere in the Motion do Defendants identify a single witness that they plan to call for trial. In fact, the only time that the Motion contemplates the inconvenience of specific witnesses is when Defendants hedge that "**If Plaintiffs seek to prove their case** by calling any of the current or former employees of Defendants who were deposed in the MDL, most of those witnesses would have to travel from outside the U.S." Motion at 13 (emphasis added).

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

There is a problem with this hypothetical. Even if Tech Data wanted to call any of Defendants' employees with knowledge of the conspiracy at trial, virtually all of them reside outside of the United States, and none of them are within the subpoena power either of this Court or the Eastern District of New York. Instead, Tech Data will be relying on the deposition designations of these witnesses, just like it did in the LCD price-fixing conspiracy case.

Defendants' failure to identify any witnesses who **they** will call to testify at trial is not surprising. As most recently demonstrated by the trial in Costco's opt-out case in LCD against LG and AU Optronics, price-fixing defendants rarely call fact witnesses to testify live. They are afraid to take the risk—especially in a case like the CRT antitrust litigation where the conspiracy is so well documented. Instead, virtually all of the defendants' affirmative fact testimony also will come in through deposition. *See, e.g., Costco Wholesale Corp. v. AU Optronics Corp., et. al.*, No. 2:13-cv-01207-RAJ (W.D. Wash.), Excerpt of Docket (showing that the only live witnesses called by defendants were their expert witnesses) attached as Exhibit B.

Even if this case proved to be different and a defendant chooses to present live testimony, Defendants still cannot show that the Eastern District of New York would be more convenient for the witnesses because, again, they have failed to identify a single witness. See *Ruble v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-2636-T-26EAJ, 2015 WL 12834683, at *2 (M.D. Fla. Jan. 22, 2015) ("With regard to witnesses, Defendant provides no specifics as to the names or locations of third-party witnesses it plans to present, let alone what each witnesses' testimony will be. A court cannot rely upon conclusory statements with no supporting affidavits or testimony in weighing evidence supporting this factor.").

By contrast, Tech Data will call three of its employees as witnesses—Wendy Linsky, Bob Bacchus Jr., and Susan Grochowski—who will testify regarding Tech Data's purchases of

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

the affected computer monitors containing the price-fixed CRTs.[1]  All of these witnesses reside in the Tampa/Clearwater area, and the Middle District of Florida is far and away more convenient than forcing them to travel to the Eastern District of New York.

In short, because Defendants have failed to identify a single witness who would be inconvenienced by a trial in the Middle District of Florida and Tech Data has identified specific witnesses who would be indisputably inconvenienced by a trial in the Eastern District of New York, this factor weighs against transfer.

Defendants have similarly failed to establish that transfer to the Eastern District of New York would be more convenient for the parties.  The best Defendants can come up with as to why the Eastern District of New York is more convenient than this Court is that "New York would be more convenient for the individuals residing abroad, as New York is served by direct flights from Tokyo, Taipei, Seoul and other major Asian cities."  Motion at 13.  Defendants cite *Astra Aktiebolag v. Andrx Phamr., Inc.,* No. 0:98-cv-06521, 2001 WL 37115369, at *4 (S.D. Fla. Oct. 1, 2001) for the proposition that "[t]o the extent foreign nationals appear at trial, '[t]ravel to and from the United States will be a burden for those witnesses.'" Motion at 13. However, as the *Astra* court correctly pointed out when the sentence relied on by Defendants is read in full, "[t]ravel to and from the United States will be a burden for those witnesses **regardless of whether the trial is in New York or Florida.  Accordingly, this factor does not weigh in favor of either venue**." *Astra Aktiebolag,* 2001 WL 37115369, at *3 (emphasis added).  Quite simply, there is no additional burden for any foreign individuals to fly to Tampa as opposed to New York.

---

[1] Defendants state that "[a]lthough Tech Data may have two employee witnesses (who were deposed in the MDL) located in Florida, they are of relatively minor importance to this case." Motion at 14, n. 13. Tech Data disagrees. These employees will offer vital testimony regarding Tech Data's purchases of computer monitors containing the CRTs that are the subject of this price-fixing case.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

Here as well, Defendants do not even mention the impact on Tech Data and its representatives if this case were transferred to the Eastern District of New York.  There is good reason.  Unlike Defendants' representatives whose location overseas makes the location of the trial forum a non-factor, Tech Data is headquartered in Clearwater and all of its senior officials— including its in-house counsel—live in the Tampa/Clearwater area. Thus, transfer to the Eastern District of New York again would be far more inconvenient than if the case were tried in this Court.

### C.   Efficiency of a Consolidated Trial Cannot Overcome Plaintiff's Choice of Forum

The crux of Defendants' Motion is that it is more efficient to transfer this case to the Eastern District of New York and consolidate it for trial with the actions pending there than to try this case separately in this Court.  It is for this reason that Defendants want this Court to assess each of the primary transfer factors not as a question of whether the Eastern District of New York is a more convenient geographic forum for the witnesses and parties than this Court, but as a matter of simple math—that it is more efficient to have one trial than two trials.

But, the same argument could be made in every MDL.  And under Defendants' reasoning, post-remand transfers to a designated court for trial would occur as a matter of course in every MDL, and the § 1404(a) analysis would become a mere formality.  In fact, as Defendants would have it, the greater the number of post-remand trial forums the more compelling the reason to transfer all of the cases to one forum.

Yet, notwithstanding the proliferation of MDLs, the instances where MDL defendants even seek a post-remand transfer under § 1404(a) are exceedingly rare.  That is why the cases Defendants rely on as support for the post-remand transfer that they ask for here are so readily distinguishable.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

First, as stated above, Tech Data's choice of forum is accorded great deference—the Middle District of Florida is its home forum, and the locus of operative facts occurred in the Middle District of Florida.  This stands in stark contrast to cases cited by Defendants in which the plaintiff had no connection to its chosen forum.  *See Astra Aktiebolag,* 2001 WL 37115369*; Kim v. Firestone*, No. 1:02-cv-79, 2005 WL 8147777, at *3 (E.D. Tex. Dec. 20, 2005); and *Metro Life Ins. Co. v. Bank One, N.A.*, No. CIV.A. 03-1882 SDW, 2012 WL 4464026, at *7 (D.N.J.  Sept 25, 2012).

Second, Defendants make much of the fact that Tech Data's co-counsel, Boies Schiller, represented a client that successfully sought a post-remand transfer in *Altamont Pharmacy, Inc. v. Abbott Labs.,* No. 94 C 6282, 2002 WL 69495 (N.D. Ill. Jan. 18, 2002).   However, as Defendants are forced to concede, in *Altamont* Boies Schiller represented the **plaintiff**, and it was the plaintiff that was the party seeking transfer.

Finally, in each of the cases cited by Defendants, a principal reason for the transfer was the transferee court's greater familiarity with and institutional knowledge of the facts and issues. For example, in *Kenwin Shops, Inc. v. Bank of Louisiana*, No. 97 CIV 907 (LMM), 1999 WL 294800, (S.D.N.Y. May 11, 1999), the case was transferred back to the MDL court that had presided over the case during pre-trial proceedings.  And in *Metro Life Ins. Co.,* the court's transfer was predicated on the anticipation that the MDL judge who had "extensive involvement and familiarity with the litigation" would accept an intercircuit assignment to the transferee court.  *Metro Life Ins. Co.*, 2012 WL 4464026, at *9 n.2.

Defendants' reference to the Supreme Court's decision in *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960) is especially misleading.  As Defendants know full well, in that case (which did not arise out of an MDL) the later filed action from which the transfer was

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

sought not only involved the identical facts and issues as the earlier filed action , but **exactly the same the plaintiff and defendant.** *Id.* at 20.

Here, by contrast, Judge Cogan has no superior knowledge of the CRT price-fixing conspiracy than this Court. Just like this case, the actions originally filed in the Eastern District of New York were immediately transferred to the existing MDL pending in the Northern District of California. As a result, Judge Cogan's first involvement of any kind with the CRT price-fixing litigation was when the originally filed Eastern District of New York cases were remanded at exactly the same time this action was remanded. And while Judge Cogan is an excellent judge, Defendants cannot suggest that this Court is in any way less qualified to preside over Tech Data's Sherman and Clayton Act claims.

Defendants' inability to show any knowledge or familiarity advantage with the facts and issues of this case that Judge Cogan has over this Court is critical. Tech Data has not been able to find any decision—whether in the context of an MDL or not—in which a § 1404(a) transfer was ordered away from a plaintiff's home forum against the plaintiff's wishes where (i) there was no proven geographic convenience to the witnesses and the parties and (ii) where the transferee court had no greater institutional knowledge or familiarity with the facts and issues than the transferor court.

In fact, it is because Defendants cannot offer any legitimate reason why the Eastern District of New York is a more suitable forum than this Court to try this case that they attempt to portray Tech Data as but one of the Boies Schiller Plaintiffs, and a minor one at that. Defendants again are wrong.

Tech Data is one of the largest electronics distributors in the country, and its claim in this case is the largest of all of the remaining opt-out plaintiffs. Since the commencement of this

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

action, Bilzin Sumberg has served as lead counsel for Tech Data, and Tech Data is Bilzin Sumberg's only client in the CRT price-fixing litigation.

Tech Data elected to commence this action in this Court, rather than in the Northern District of California where the MDL was pending, precisely because it wanted to try its own case and did not want its claims further complicated by issues particular to other claimants. Yet, this is exactly what would occur if Defendants achieve their end to have this case transferred and consolidated with the cases pending in the Eastern District of New York.

Put simply, other than their one is less than two contention, Defendants cannot demonstrate any reason why it would be more efficient to transfer this case to the Eastern District of New York, and certainly cannot show why that fact alone should be enough to override Tech Data's proper choice of forum and the convenience of the witnesses and the parties.

### D.     The Relative Means of the Parties Does Not Weigh in Favor of Transfer

Here as well Defendants try to conflate the undeniable fact that one trial is less than two trials with the financial capability of a party to try a case in a particular geographic forum.

In fact, this factor addresses instances in which one party would be at a financial disadvantage to have to try a case outside of its home forum. *See, e.g.*, *Lexington Ins. Co. v. Performance Plastering of Pensacola, Inc.*, No. 613CV904ORL22TBS, 2013 WL 12155502, at *3 (M.D. Fla. Oct. 9, 2013). ("Third, weighing the relative means of the parties tilts in favor of transfer. A non-profit condominium association does not possess the same financial wherewithal as a national insurance company for which litigation is an everyday occurrence.") In this case it is neutral.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

No one can dispute that Defendants have the financial ability to appear in the Middle District of Florida., and, if required, Tech Data could afford to try its case in New York.  This factor therefore does not weigh in favor of transfer.

### E. The Eastern District of New York Offers No Advantages to the Compulsory Attendance of Unwilling Witnesses or the Ease of Access to Sources of Proof

As Defendants note, "[g]iven the international character of Tech Data's allegations, any district court would face the same challenges in seeking to subpoena witnesses to attend trial." Motion at 16. This factor does not weigh in favor of transfer.

### F. The Location of the Documents Does Not Weigh in Favor of Transfer

Tech Data agrees with Defendants that the location of documents is an unpersuasive factor in either direction, given that discovery was completed during pre-trial proceedings in the MDL and that documents were produced electronically.

### G. This District is as Familiar with the Governing Law as the Eastern District of New York

Tech Data has only asserted liability claims under the Sherman Act and damages claims under the Clayton Act arising from the CRT price-fixing conspiracy.  And again, no one could legitimately suggest that this Court is in any way less qualified to address Tech Data's Sherman and Clayton Act claims than the Eastern District of New York. This factor does not militate in favor of transfer.

### H. The Relative Case Loads of the Middle District of Florida and the Eastern District of New York Does Not Weigh in Favor of Transfer

Defendants assert that the "relatively lower case load of the E.D.N.Y." weighs in favor of transfer. Motion at 17.  However, this single statistic does not accurately represent the status of each court's ability to efficiently preside over a trial.  As this Court previously observed, "[o]f course, the aggregated statistics describing all civil cases are misleading because summary

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

dismissals, transfers, prisoner actions, dispositions on motions, and the like are included in, and cause distortion of, the numbers for all 'civil cases.'" *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1284 (M.D. Fla. 2015).  To the extent that statistics are relevant, it is worth noting that the Middle District of Florida tries cases far more quickly than the Eastern District of New York: in the Middle District of Florida, the time from filing to trial in civil cases is 24.2 months, whereas it take 33.7 months from filing to trial in the Eastern District of New York.[2]

## CONCLUSION

Tech Data filed this action against the participants of the CRT price-fixing conspiracy in the most appropriate forum in which it could—where it is headquartered, where it made and paid for its purchases of the price-fixed products, and where it suffered its injuries from the conspiracy.  Defendants' motivation in bringing this § 1404(a) motion is clear.  For the very reasons that Tech Data selected the Middle District of Florida as its chosen forum, Defendants want to avoid trial here.

But, Defendants do not seek to transfer this case to a forum that is more convenient to the witnesses or the parties or even to a court that has a familiarity advantage of the facts and issues. Instead, Defendants want this Court to move this case to what they consider is a more favorable forum, all while cloaking their motivations under the guise of efficiency.  This is forum shopping at its worst, and the Court should reject it.

For the foregoing reasons and on the foregoing authority, Tech Data respectfully requests that this Court deny Defendants Motion to Transfer in its entirety.

---

[2] See U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (Dec. 31, 2016), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

## <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to L.R. 3.01(j), Tech Data respectfully requests a hearing on Defendants' Motion to Transfer pursuant to 28 U.S.C. Section 1404(a) at the Court's earliest convenience. Tech Data believes a hearing is appropriate here to ensure that any questions the Court may have can be answered in view of the significant implications of the relief that Defendants request in their Motion.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

Dated: June 2, 2017

Respectfully submitted,

By: _____/s/ Robert W. Turken_____

Robert W. Turken
Scott N. Wagner
Mitchell E Widom
Lori P. Lustrin
BILZIN SUMBERG BAENA PRICE &
AXELORD LLP
1450 Brickell Ave., Suite 2300
Miami, FL 33131
Tel: 305-374-7580
Fax: 305-374-7593
E-mail: rturken@bilzin.com;
          swagner@bilzin.com;
          mwidom@bilzin.com;
          llustrin@bilzin.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Fax: 945-356-0022
E-mail: ssinger@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corp. and Tech Data Product Management*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Opposition to Motion

for Transfer was served via ECF on June 2, 2017, on all counsel or parties of record.

_____/s/ Robert W. Turken_____
Robert W. Turken

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456